IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

PAULA LYNCH,

    Plaintiff,

V.                                            CIVIL ACTION NO. 3:06-00148

U. S. ATTORNEY GENERAL, et al.,

    Defendants.

**FINDINGS AND RECOMMENDATION**

Four months after filing a suit in this Court alleging, inter alia, age discrimination arising out of her employment at the United States Postal Service,[1] plaintiff filed the present action against federal and state entities and officials alleging principally, it is believed, intrusive and constitutionally impermissible investigations of her as a consequence of administrative and judicial proceedings in which she complained of and sought relief for alleged wrongdoing on the part of postal service employees. Representative of the allegations in the complaint are her claims that, prior to filing her discrimination suit, "she believes ... agent(s) [were] present during [a] class" she was attending at Cedar Lakes in Ripley, West Virginia. Plaintiff states "that she attempted to get information from the instructor," but it is her "belief that a National Security letter was given to the instructor." Plaintiff "believes that Electronic Surveillance and National Security Letters have been used in an ongoing basis and in an unjustified investigation of her, long before [she] even considered

---

      [1]    This case, as the Court is aware, was subsequently "compromised and settled" and was dismissed by agreed order entered July 10, 2007.

a Civil Suit." In September 2005, plaintiff "believes that an investigative agent(s) was at her place of employment ... posing as a 'new' fellow employee." The "[s]uspected agent talked about numerous things that paralleled Plaintiff and her husband's life, in very fine detail, and even stated that he used to be a Maintenance Manager (same employment title as Plaintiff's husband)." Plaintiff alleges that "suspected agent(s)" have followed her into Sam's Club" and "intentionally wanted [her] to see that the agent was wearing an earpiece, appearing to be talking to himself and looking back and forth at Plaintiff." Plaintiff states that "[o]n two occasions an agent glared angrily at [her], in various copy, office supply stores in what [she] believes is only a few of the many, many attempts this past year to frighten and otherwise discourage [her] from pursuing the lawsuit against said Agency." Plaintiff has also made reference to the "USA Patriot Act,"[2] indicating that the Act "authorizes the Department of Justice to use National Security letters ... to obtain information about individuals not suspected of any wrongdoing" and stating her "belief that this investigation has gone far beyond the 'normal allowable investigation' in [her] case and has violated the personal privacy and liberty of Plaintiff and Plaintiff's family... ." Finally, plaintiff appears to question advice given her by counsel then representing her in the discrimination suit. She states that in February of 2006 she learned that her attorney was a "contract Attorney" for the Attorney General of West Virginia, Darrell V. McGraw, Jr., and indicates that she "feels that Attorney of Record, is perhaps, part of the ongoing investigation, working under contract for WV Administration (Attorney General) and her loyalty perhaps has been to that investigation."

       There is presently pending before the Court a motion to dismiss for lack of subject-matter jurisdiction and for failure to state a claim filed on behalf of the federal defendants, the

---

[2] Pub.L. No. 107-56, 115 Stat. 396 (2001).

United States Attorney General, the United State Justice Department, the Office of the Inspector General and the United States Postal Inspection Service, and a motion to dismiss for failure to state a claim filed by the West Virginia Attorney General, Darrell V. McGraw, Jr. Plaintiff filed a response to the motion of the federal defendants. She has not responded to the motion filed by McGraw.

As is presumably apparent from the preceding recitation, plaintiff's complaint is undoubtedly vulnerable for a number of reasons.[3] It is sufficient for present purposes to note that, while dismissal on a Rule 12(b)(6) motion is appropriate only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" of the complaint, Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), nevertheless, the "allegations" require "more than labels and conclusions" and courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Bell Atlantic Corporation v. Twombly, 127 S.Ct. 1955, 1965 (2007). Additionally, and importantly for purposes of the present case, a complaint "'must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action,'" id. (quoting 5 Wright & Miller, Federal Practice and Procedure §1216 at 235-36 (3rd Ed. 2004)), the complaint must contain sufficient "facts to state a claim to relief that is plausible on its face." Id. at 1974. Plausibility, it seems fair to say, is entirely lacking in this case. Plaintiff's allegations against the federal defendants are, among other things, completely speculative, and a. complaint couched in terms of a plaintiff's suspicions, as this complaint is, clearly provides no basis upon which to grant relief. As a consequence, plaintiff's complaint against the federal defendants should be dismissed for failure to state a claim on which relief can be granted.

---

[3] See, for instance, Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

With respect to plaintiff's claims against Attorney General McGraw, it is equally clear that no claim is stated. Indeed, in the absence of any allegations, plausible or otherwise, of wrongdoing on the part of McGraw, it is difficult to discern why the Attorney General was named as a defendant in this action.

## **RECOMMENDATION**

On the basis of the preceding, it is **RESPECTFULLY RECOMMENDED** that the motions to dismiss of the federal defendants and of the Attorney General of the State of West Virginia be granted and that this action be dismissed.

Plaintiff and defendants are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 72(b), Fed.R.Civ.P., the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to transmit a copy of the same to plaintiff and all counsel of record.

DATED: July 25, 2008

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE